**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

UNITED STATES OF AMERICA,

v.

CRIMINAL ACTION NO. 5:24-cr-00198

JOSEPH SANCHEZ.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Joseph Sanchez's Letter-Form Motion for Early Termination of Probation, mailed July 14, 2026. [ECF 36].

**I.**

On May 28, 2025, following his guilty plea to Conspiracy to Knowingly Enter Into Marriage for the Purpose of Evading a Provision of the Immigration Laws of the United States, in violation of 18 U.S.C. § 371, Mr. Sanchez was sentenced to five (5) years probation. [ECF 30]. Mr. Sanchez began serving his term of supervision on May 28, 2025. Mr. Sanchez now moves for early termination of his probation inasmuch as he has (1) complied with all conditions imposed by the Court, (2) maintained a positive relationship with his probation officer, and (3) remained focused on supporting his family and making responsible decisions. [ECF 36].

Mr. Sanchez's Probation Officer agrees Mr. Sanchez has complied with all the terms of his probation. However, considering Mr. Sanchez has only completed 15 months of his 60-month term of probation, his Probation Officer does not currently recommend Mr. Sanchez's early release from supervision.

## II.

Pursuant to 18 U.S.C. § 3564(c), a court may, after consideration of the applicable Section 3553(a) factors, "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) (discussing early termination in the context of 18 U.S.C. § 3583(e)).

Upon careful consideration of the applicable Section 3553(a) factors and the information provided by Mr. Sanchez's Probation Officer, the Court concludes that early termination of Mr. Sanchez's term of probation is not presently warranted. Mr. Sanchez has completed approximately 16 months of his 60-month term of probation without incident and has demonstrated his dedication to maintaining a law-abiding lifestyle. Be that as it may, the sentence imposed on Mr. Sanchez must reflect the seriousness of the offense, promote respect for the law, provide punishment for the offense, and allow for adequate rehabilitation. *See* 18 U.S.C. § 3553(a)(2). The Court is not yet persuaded these aims have been achieved to the extent possible. In light of the foregoing, the Court **FINDS** that early termination of Mr. Sanchez's term of probation is premature.

## III.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Mr. Sanchez's Letter-Form Motion. [ECF 36].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 9, 2026

Frank W. Volk
Chief United States District Judge